SUMMERS, Justice
(dissenting).
In my view there is no property right in a vehicle which is intentionally used by the owner, or another with the owner’s permission, to transport or possess narcotics defined as contraband. The contested statute so declares. La.Rev.Stat. 40:989 A(4) and E. Louisiana’s Constitution makes it clear that the right to enjoy property in this State is subject to the reasonable exercise of the police power and the guarantees to the enjoyment of property do not apply to contraband, the possession of which is by its very nature pregnant with illegality. La. Const, art. I, § 4.
This is not a penal statute to which concepts of criminal law should be applied such as requiring a criminal conviction before forfeiture; or that the owner of the offending vehicles had no knowledge that they were being used to transport narcotics; or that the search producing the narcotics was legal. The purpose of the statute is to further the regulation and control of drugs and narcotics. Its design is to impede, restrain and otherwise discourage the distribution of narcotics which are declared to be dangerous substances. Calero-Toledo v. Pearson Yacht, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).
Forfeiture authorized by the statute of vehicles, vessels or aircraft used to possess, transport, or distribute narcotics serves to discourage their use as instrumentalities which facilitate violations of the Controlled Dangerous Substances Law. In this respect the statute is a reasonable exercise of the State’s police power as contemplated in Section 4 of Article I of the Constitution. The statute’s goal or purpose bears a real and substantial relationship to the general welfare. It is a conscientious effort by the legislature to provide a deterrence to the *488 growing menace of drug addiction pervading today’s society.
I would uphold the statute against the claim of unconstitutionality.